On the part of the appellant, it was contended, that the possession of the slaves in controversy, by N. W. Dandridge, had always been fiduciary ; that the acknowledgment by William Dandridge, his executor, of the justice *of the plaintiff’s claim, and the suit and recovery at law *839 against him, prevented the act of limitations from being a bar.
On behalf of the appellees, it was urged, that the testimony to prove that N. W. Dan-dridge’s possession ever was fiduciary, was very defective ; that, if at any time it was fiduciary as to John Spotswood or Bernard Moore, his executor, it never was so as to the plaintiff, who claimed (as issue in tail) under his grandfather’s will, not under John Spotswood, his father ; that since it appeared that the negro Lucy, who had been allotted to Dorothea Dandridge, had never been delivered, but remained with the estate, which was held by John Spotswood, and the bulk of which passed from him to the plaintiff, it would now be iniquitous to compel the descendants of Dorothea Dandridge to give up Mary Ann (whom it was probable she received instead of Lucy) and her increase ; that, according to the maxim, that he who seeks equity must do equity, the plaintiff, if he recovered the children of Mary Ann, should give up the children of Lucy ; that the acknowledgment by William Dandridge, the executor, could not affect the rights of the present defendants, their claim being under the testator, though the property, in coming to thetn, passed through the hands of the executor, neither could the action of detinue and recovery therein, against him, be given in evidence against them, who were no parties to that suit, and received the slaves from him as their property, by virtue of the will of his testator, especially as the judgment against the executor was for other slaves, held indeed in the same right, but not those now held by the defendants.
In reply, it was said, that the legal representatives of John Spotswood (not the plaintiff only) were responsible for Lucy and her increase, if the defendants had a right to them ; that the plaintiff was certainly entitled to Mary Ann, as being one of the entailed slaves; that the judgment *against the executor bound the legatees, because they necessarily claimed under him, since they could not get their legacies without his assent.
Saturday, October 7. The President, after stating the case nearly as above, pronounced the following opinion of the Court:
“The defendants all rely on the statute for limitation of actions, to bar the plaintiff’s claim, which he would repel, by urging that the possession of the slaves by N. W. Dan-dridge, under whom the defendants claim, was fiduciary; and being in trust for the plaintiff, must be considered as his possession ; therefore, the act of limitations cannot operate against him. Admitting that the possession of N. W. Dandridge was fiduciary, so far as it respected John Spotswood, (father of the plaintiff,) or Bernard Moore, executor of the said John, yet, inasmuch as the plaintiff claims, not under his said father, but as heir in tail under the will of his grandfather, Alexander Spotswood, the possession of 1ST. W. Dandridge ceased in the year 1785, and this suit was not instituted till October, 1791, there were more than five years adversary possession in the defendants, which is a complete bar to the plaintiff’s title.
“This being the opinion of the Court, and decisive of the cause, it seems unnecessary to investigate its merits ; in which there appears much equity in favour of the defendants ; and I shall only add that the decree is affirmed.”